IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

## REPORT AND RECOMMENDATION

On February 22, 2006, Plaintiff, Radoslav Dimitric, filed a complaint against the Texas A&M University System, Texas A&M University-Galveston, and numerous University officials and professors. Dimitric alleged several claims arising out of his former employment as a professor at the Galveston campus. On June 5, 2006, the Defendants filed a Motion to Dismiss. After careful consideration of the Motion and Dimitric's response[1] the Court issues this Report and Recommendation.

Dimitric has asserted claims under Title VII against all of the Defendants; however, the only proper Defendant in a Title VII action is a Plaintiff's employer. Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1992) (Only employers, not individuals acting in their individual capacities, can be liable under Title VII)  Dimitric's employer was Texas A&M University-Galveston, therefore, all Title VII claims asserted by Dimitric against any other Defendants should be dismissed.

---

[1] Dimitric's response is contained in a pleading entitled "Plaintiff's First Amended Complaint" which was stricken insofar as Dimitric intended it to be an Amended Complaint. See Opinion and Order of this Court dated August 7, 2006 (Instrument No. 28)

Dimitric has also sued all of the Defendants under 42 U.S.C. § 1983. His civil rights claims against the Texas A&M University System and Texas A&M University- Galveston and the individual Defendants in their official capacities are all barred by the Eleventh Amendment. Gay Student Services v. Texas A&M University, 737 F.2d 1317, 1333-34 (5th Cir. 1984)   These claims should be dismissed.

Dimitric's claims under the Texas Commission of Human Rights Act (TCHRA) are also barred by the Eleventh Amendment. Only Texas A&M University-Galveston is a proper Defendant under TCHRA, however, such an action may only be brought in a proper Texas state court. Perez v. Region 20 Education Service Center, 307 F.3d 318, 332 (5th Cir. 2002) Therefore, all TCHRA claims of Dimitric should be dismissed.

Dimitric also asserted claims under the Texas Constitution. Such claims are not cognizable. The Texas Supreme Court, in City of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995), held that there is no implied private right of action for damages arising under the Texas Constitution. Consequently, these claims should all be dismissed.

Finally, Dimitric has alleged non-specific violations of his right to privacy. Insofar as any privacy claims are based upon some federal constitutional right they may only be asserted against individual Defendants in their individual capacities. If the claims are based upon state law or common law they are barred by the Eleventh Amendment as to the Texas A&M University System, Texas A&M University-Galveston and the individual Defendants in their official capacities. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)

For the foregoing reasons it is the **RECOMMENDATION** of this Court that the Defendants' Motion to Dismiss (Instrument no. 9) be **GRANTED** and that the District Court

**DISMISS** Dimitric's Title VII claims against all Defendants except Texas A&M University-Galveston; **DISMISS** Dimitric' § 1983 and privacy claims against the Texas A&M University System, Texas A&M University-Galveston and all individual Defendants in their official capacities; and **DISMISS** Dimitric's TCHRA claims and his Texas constitutional claims entirely.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **September 1, 2006** in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____15th_____ day of August, 2006.

_____
John R. Froeschner
United States Magistrate Judge