IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

## OPINION AND ORDER

Before the Court is a Report and Recommendation from the United States Magistrate Judge dated August 15, 2006; on August 30, 2006, Plaintiff, Radoslov Dimitric, filed timely objections.

In his objections Dimitric challenges the authority of the Magistrate Judge to consider any matters in this case since the Parties have not consented to trial before a Magistrate Judge under 28 U.S.C. § 636(c). This complaint is groundless. For the last 15 years in the Galveston Division all *pro se* cases have been assigned to the Magistrate Judge for initial consideration of all proceedings under 28 U.S.C. § 636(b)(1); Local Rule 14, now 72; and General Order Nos. 80-5, 91-26, 91-30 and 2001-6. Besides, the ultimate determination of any Motion referred to the Magistrate Judge remains the responsibility of this Court.

Dimitric also complains that the Magistrate Judge erred in denying his tardy Motion for Leave to Amend his complaint and by not allowing him to respond to the Defendant's " Partial Motion to Dismiss Plaintiff' s First Amended Complaint." This Court, however, notes that, in light of the Defendant's gratuitous Motion, the Magistrate Judge vacated his prior Order, permitted Dimitric to amend his complaint and set a response date. While this Court would likely have affirmed the prior ruling of the Magistrate Judge, his most recent Order has rendered Dimitric's complaint moot.

Upon *de novo* review of the matters made the basis of the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court finds that the Magistrate Judge erred by recommending dismissal of Dimitric's Title VII claims against the Texas A&M University System. While this Court is confident that the Title VII claims could proceed solely against the Texas A&M University-Galveston, as Dimitric's employer, it appears that the Defendants concede that Dimitric is an employee of both institutions. Moreover, this Court is aware, from prior cases, that Texas A&M University-Galveston is not an independent campus of the Texas A&M University System. Therefore, the Report and Recommendation of the Magistrate Judge is **REJECTED**, but only insofar as it recommends dismissal of Dimitric's Title VII claims against the Texas A&M University System.

The remainder of the Report and Recommendation is a well reasoned and correct application of law to the facts in this case and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein. It is, therefore, **ORDERED** that, except as modified hereby, the Defendants' Motion to Dismiss (Instrument no. 9) is **GRANTED** and that Dimitric's Title VII claims against all Defendants except the Texas A&M University System and Texas A&M University-Galveston are **DISMISSED;** that Dimitric's § 1983 and privacy claims against the Texas A&M University System, Texas A&M University-Galveston and all individual Defendants in their official capacities are **DISMISSED;** that Dimitric's claims under the Texas Commission of Human Rights Act are **DISMISSED**; and that Dimitric's claims under the Texas Constitution are **DISMISSED**.

Insofar as Dimitric challenges the ruling of the Magistrate Judge in his Opinion and Order dated July 19, 2006, his objections are untimely under Rule 72(a) of the Federal Rules of Civil

Procedure and the decision of the United States Magistrate Judge denying Dimitric's request for reimbursement of his expenses for serving process in this cause is **AFFIRMED**.

Dimitric's request for authorization to pursue an interlocutory appeal is **DENIED**.  See 28 U.S.C. § 1292(b)

**DONE** at Galveston, Texas, this 8th day of September, 2006.

Samuel B. Kent
United States District Judge