IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint." Having carefully considered the Motion and the Plaintiff's response, the Court now issues this Report and Recommendation to the District Court.

In his First Amended Complaint, Plaintiff, Radoslav Dimitric, has once again improperly asserted claims under Title VII against the named individual Defendants. Only employers, not individuals acting in their individual capacities, can be liable under Title VII. Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1992)  Dimitric's employer was Texas A&M University System and/or Texas A&M University-Galveston (the University Defendants) and, therefore, all Title VII claims, not already dismissed, asserted by Dimitric against any individual Defendants should be dismissed.

Dimitric has also sued individual Defendants under the Age Discrimination and Employment Act (ADEA), the Equal Pay Act, the Texas Whistleblower Act and the Commission of Human Rights Act (TCHRA). Each of the statutes permit actions only against employers; none permit suit against individual Defendants. Therefore, all such claims asserted by Dimitric against individual Defendants should be dismissed.

Dimitric has also raised a claim for intentional infliction of emotional distress; this claim must be dismissed. Dimitric has raised other claims, for example, claims pursuant to 42 U.S.C. § 1983, which provide an avenue for potential relief. The tort of intentional infliction of emotional distress is merely a "gap-filler" tort, Hoffmann-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004); therefore, Dimitric may not pursue such a claim in this litigation.

Dimitric also brings claims against the University Defendants and the individual Defendants in their official capacities under 42 U.S.C. § 1983; these claims are barred by the Eleventh Amendment. See Green v. Texas A&M University, 213 F.Supp.2d 766, 772 (S.D.Tx. 2002) (State agencies), see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (Official capacities suits)

Similarly, neither the Texas Whistleblower Act nor the Texas Commission of Human Rights Act waive the sovereign immunity of Texas; therefore, Dimitric claims under these statutes must be dismissed.

The Eleventh Amendment also bars Dimitric's ADEA claim against the University Defendants, Kimel v. Florida Board of Regents, 528 U.S. 62 (2000), and his defamation claims against the University Defendants and the individual Defendants in their official capacities.

As to the remainder of Dimitric's claims, the Court is of the opinion that a Motion to Dismiss is inappropriate. Motions under Rule 12(b)(6) are highly disfavored and rarely granted on the basis of inadequate factual allegations. Gilligan v. Jamco Development Corporation, 108 F.3d 246, 249 (9th Cir.1997)    In reviewing such Motions the Court must view the allegations in the light most favorable to the Plaintiff, Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and may consider all documents attached to the Plaintiff's pleadings.

In re Colonial Mortgage Banker's Corp., 324 F.3d 12, 16 (1st Cir. 2003)   Moreover, when the Plaintiff is acting *pro se*, the Court must exercise leniency in its evaluation of his pleadings. Hughes v. Rowe, 449 U.S. 5, 9 (1980)  Accordingly, the Court may grant a 12(b)(6) Motion only when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-6 (1957)   Dimitric has asserted numerous claims under § 1983.  This Court is aware of the unique defense of qualified immunity which seeks the early disposition of frivolous claims.  However, Dimitric has raised some constitutional claims which seem to merit some further development; for example, his claim that he was denied the due process mandated for tenure candidates.  But see Whiting v. University of Southern Mississippi, 451 F.3d 339, 344-48 (5th Cir. 2006)   Since Dimitric's Title VII claims against the University Defendants may result in discovery from many of the individual Defendants and, thereby, dilute the protections against discovery provided by the qualified immunity defense, it is the opinion of this Court that the individual Defendants' Motion to Dismiss Dimitric's § 1983 claims should be denied in favor of a Motion for Summary Judgment after limited discovery.  Cf. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)

Finally, this Court agrees with the Defendants that Dimitric has failed to allege a claim under the Equal Pay Act; however, since some further development of this case may occur, the Court feels that this claim should be retained at this time and addressed in any Motion for Summary Judgment.

For the foregoing reasons it is the **RECOMMENDATION** of this Court that the "Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint" (Instrument no. 34) should be **GRANTED in part and DENIED in part.**

It is the further **RECOMMENDATION** of this Court that Dimitric's claims asserted under ADEA, the Texas Whistleblower Act, and the Texas Commission on Human Rights Act be **DSIMISSED** in their entirety; that Dimitric's claims of intentional infliction of emotional distress be **DISMISSED**; that Dimitric's claims under Title VII asserted against the individual Defendants be **DISMISSED**; and that Dimitric's defamation claims against Texas A&M University System and Texas A&M University-Galveston and the individual Defendants in their official capacities be **DISMISSED**.

It is the further **RECOMMENDATION** of this Court that the remainder of the Defendants' Motion (Instrument no. 34) be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **November 10, 2006** in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____20th_____ day of October, 2006.

John R. Froeschner
United States Magistrate Judge