IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

### REPORT AND RECOMMENDATION

Before the Court is the "Defendants' Karen Watson and Fred Olson's Motion to Dismiss Plaintiff's First Amended Complaint." Having carefully considered the Motion and the Plaintiff's response, the Court now issues this Report and Recommendation to the District Court.

Neither Watson nor Olson were Dimitric's employer, therefore, Dimitric's claims under Title VII, the Age Discrimination in Employment Act (ADEA), the Equal Pay Act, the Texas Whistleblower Act and the Texas Commission of Human Rights Act (TCHRA) must be dismissed.

In light of Dimitric's other potential claims, his claim for intentional infliction of emotional distress, a "gap-filler" tort, Hoffmann-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004), must be dismissed.

Watson's Motion to Dismiss Dimitric's § 1983 cause of action against her should be denied at this time. In the opinion of this Court, Dimitric's claim that he was denied the due process mandated for tenure candidates will need further development. Since

Watson was involved in the tenure decisions it would be improper to grant a 12(b)(6) Motion. A Motion for Summary Judgment is a more appropriate method to evaluate the merits of Dimitric's § 1983 claims against Watson.

On the other hand, Dimitric's § 1983 claims against Fred Olson must be dismissed because Dimitric has alleged no potentially cognizable violations of any clearly established constitutional rights by Olson. In the absence of any constitutional violations, the issue of Olson's qualified immunity need not be addressed.

For the foregoing reasons it is the **RECOMMENDATION** of this Court that the "Defendants' Karen Watson and Fred Olson's Motion to Dismiss Plaintiff's First Amended Complaint."(Instrument no. 44) should be **GRANTED in part and DENIED in part.**

It is the further **RECOMMENDATION** of this Court that Dimitric's claims asserted against these Defendants under Title VII, the Age Discrimination in Employment Act (ADEA), the Equal Pay Act, the Texas Whistleblower Act and the Texas Commission of Human Rights Act (TCHRA) be **DISMISSED**.

It is the further **RECOMMENDATION** of this Court that all § 1983 claims asserted by Dimitric against Fred Olson be **DISMISSED**.

It is the further **RECOMMENDATION** of this Court that the Motion of Karen Watson to Dismiss all § 1983 claims against her be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **November 10, 2006** in which to have written objections, filed

pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this _____26th_____ day of October, 2006.

                                                   John R. Froeschner
                                                 United States Magistrate Judge