IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

**OPINION AND ORDER**

Before the Court is a Report and Recommendation from the United States Magistrate Judge dated October 20, 2006, which recommends that "Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint" (Instrument no. 34) be granted in part and denied in part. Plaintiff, Radoslov Dimitric, has filed timely objections.

Upon *de novo* review, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court finds that the Report and Recommendation (Instrument no. 50) of the United States Magistrate Judge is a well reasoned and correct application of law and equity to the facts of this case and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

It is, therefore, the **ORDER** of this Court that Dimitric's claims asserted under under the Age Discrimination in Employment Act, the Texas Whistleblower Act, and the Texas Commission on Human Rights Act are **DISMISSED** in their entirety; that Dimitric's claims of intentional infliction of emotional distress are **DISMISSED**; that Dimitric's claims under Title VII asserted against the individual Defendants are **DISMISSED**; and that Dimitric's defamation claims against Texas A&M University System and Texas A&M University-Galveston and the individual Defendants in their official capacities are **DISMISSED**.

It is the further **ORDERED** that the remainder of the Defendants' Motion (Instrument no. 34) insofar as it seeks dismissal of Dimitric's numerous claims under 1983 and his claim under the Equal Pay Act is **DENIED**.

Dimitric's request that this action be certified for immediate appeal is **DENIED**; this case does not involve a controlling question of law as to which there is a substantial ground for differences of opinion such that an interlocutory appeal would materially advance the ultimate determination of the litigation.  See 28 U.S.C. § 1292(b)

**DONE** at Galveston, Texas, this 1st day of December, 2006.

_____
Samuel B. Kent
United States District Judge