IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RADOSLAV DIMITRIC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-107 |
| | § | |
| TEXAS A&M UNIVERSITY, ET AL. | § | |

## OPINION AND ORDER

In what appears to be rapidly deteriorating into recreational litigation by *pro se* Plaintiff, Radoslav Dimitric, several Motions are pending. Having now reviewed and considered those Motions ripe for disposition, the Court issues its rulings.

On March 7, 2007,[1] Dimitric sent to the Clerk a "Motion to Compel and for Sanctions against the Defendants for not Responding to Plaintiff's Discovery Requests" complaining that the Defendants had failed to respond to his written discovery served upon defense counsel on February 3, 2007. As pointed out by the Defendants, under the applicable Federal Rules of Civil Procedure, the discovery responses were not due until March 8, 2007, the day after Dimitric filed his Motion. The responses were timely served on Dimitric on March 7, 2007 (service is complete upon mailing, Rule 5(b)(2)), the day he filed his Motion to Compel. Dimitric's premature Motion did nothing more than waste the time of this Court and the time and money of the Defendants. The "Motion to Compel and for Sanctions against the Defendants for not Responding to Plaintiff's Discovery Requests" (Instrument no. 84) is **DENIED**.

---

[1] Dimitric claims that the Motions addressed herein were sent to the Clerk on March 7, 2007; however, none of the Motions were ever received. The Motions were allegedly "re-mailed" to the Clerk and filed on March 26, 2007. The Court will treat the Motions as if filed on the earlier date.

About five days after receiving the Defendants' discovery responses, Dimitric filed a "Motion to Compel and Impose Sanctions for not Responding to Plaintiff's Discovery Requests and Giving Evasive Responses." Prior to filing this Motion, Dimitric did not confer, except through an insulting e-mail, with defense counsel as required by Rule 37(a)(2)(A). For this reason, alone, his Motion should be denied. See Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite is not an empty formality"…the Court will not "decipher" letters between the parties to determine whether the Rule's requirement has been met)  This Court is painfully aware that Dimitric is acting without counsel of record; nevertheless, despite various procedure protections afforded to *pro se* litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), Dimitric is not entitled to a general dispensation from the rules of procedure. Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)  Such a "technical" denial, however, would be without prejudice. Therefore, given the litigious nature of Dimitric, the Court will address the merits of his Motion.

The Court **FINDS** that the Defendants' initial disclosures are sufficient.

The Court **FINDS** that the Defendants' response to Dimitric's overly broad Request No. 1 is sufficient.

The Court **SUSTAINS** the Defendants' objections to Dimitric's over broad Request No. 2 and **FINDS** that the Defendants response is sufficient; Dimitric's accusation that Mr. Smith has "voluminous" other documents is merely a conclusory statement of his personal opinion.

The Defendants' objections to Dimitric's over broad Request No. 4 are **SUSTAINED**. The Court **WILL NOT** require production of Dr. Yi's complete file; however, her level of pay as an assistant professor of mathematics might be relevant to Dimitric's Equal Pay Act claim and discoverable upon a properly limited request.

The Defendants' objections to Dimitric's burdensome Request No. 6 are **SUSTAINED**; however, if any federal grant required as a condition of the grant that the State entities involved in this litigation waived their sovereign immunity against individual causes of action of the kind asserted by Dimitric here, such information could be discoverable upon a proper limited request.

For the foregoing reasons, the "Motion to Compel and Impose Sanctions for not Responding to Plaintiff's Discovery Requests and Giving Evasive Responses" (Instrument no. 86) is **DENIED**.

**DONE** at Galveston, Texas, this _____9th_____ day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge